**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4981**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NICHOLAS SHAMAR GRIFFIN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. James C. Fox, Senior District Judge. (7:03-cr-00103-F)

_____

Submitted: May 30, 2007                    Decided: July 9, 2007

_____

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.L.L.C., Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nicholas Shamar Griffin was convicted by a jury of possession with intent to distribute more than 5 grams of crack cocaine, possession of firearms in furtherance of a drug trafficking crime, and possession of firearms by a convicted felon, and was sentenced to a total term of 246 months imprisonment. See 21 U.S.C. § 841(a)(1), 18 U.S.C. §§ 924(c), 922(g)(1) (2000). We affirmed Griffin's conviction but vacated his sentence and remanded for re-sentencing consistent with United States v. Booker, 543 U.S. 220 (2005). See United States v. Griffin, No. 04-4536 (Apr. 12, 2006) (unpublished).

On remand, the district court conducted a re-sentencing hearing and determined that Griffin's total offense level remained at 32; with a criminal history category V, the resulting guideline range remained at 188 to 235 months on count one, five years to life on count two (consecutive), and 120 months on count three. The district court imposed a 186-month sentence as to count one, a consecutive 60-month sentence as to count two, and a concurrent 120-month sentence on count three, totaling 246 months.[*] He noted a timely appeal.

---

[*]The court departed slightly below the guidelines range, by two months, to account for time served in state custody. See U.S. Sentencing Guidelines Manual, §§ 5G1.3, comment. (n. 4), 5K2.23 (2003).

Griffin argues on appeal that the sentence imposed by the district court was unreasonable because the court did not adequately consider the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), and because the court treated the advisory guidelines as if they were mandatory.  We disagree.

In a post-Booker sentencing, the district court must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and § 3553(a), and impose a sentence.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  The district court's sentence is reviewed for reasonableness.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  This court has held that "a sentence within the proper advisory Guidelines range is presumptively reasonable."  United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

We find that, in resentencing Griffin, the district court complied with the decisions in Booker and Hughes.  The court heard argument from both parties regarding an appropriate sentence.  The court stated that it had "calculated the imprisonment range prescribed by the advisory sentencing guidelines. . . . and considered that range as well as other relevant factors set forth in the advisory sentencing guidelines and those set forth in [§ 3553(a)]".  The court also stated that it had imposed a "sentence at the bottom of the range because all aggravating

factors have been taken into consideration in determining the advisory guideline imprisonment range and because of the mandatory consecutive sentence required in count two." And, after hearing argument regarding Griffin's inability to pay the previously imposed $12,200 fine, the court struck the fine from the judgment. Contrary to Griffin's argument, the district court explicitly stated that it considered the guidelines as advisory. Although the district court did not recite facts to support each § 3553(a) factor, the court need not "robotically tick through § 3553(a)'s every subsection" or "explicitly discuss every § 3553(a) factor on the record." Johnson, 445 F.3d at 345. We therefore conclude that Griffin's sentence is reasonable.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED